IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KERILEE CRIANZA,<br><br>       Plaintiff,<br><br> v.<br><br>HOLBROOK PLASTIC PIPE SUPPLY, INC,<br>and CAROLYN OLSEN, individually,<br><br>       Defendants. | Case No.<br><br>COMPLAINT<br><br>Jury Trial Demanded<br><br>Filing fee waived: 38 U.S.C. § 4323(h)(1). |

Plaintiff Kerilee Crianza alleges as follows:

### SUMMARY OF THE CLAIMS

1. This case is about Defendants Holbrook Plastic Pipe Supply, Inc.'s and its owner, Carolyn Olsen's, ("Defendants") termination of Kerilee Crianza's ("Plaintiff") employment when Ms. Crianza told Defendants their failure to rehire another employee, Ms. Christi Lee Jimenez, after her military service obligations violated federal law.

2. Ms. Crianza brings this lawsuit under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301, *et. seq*.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 38 U.S.C. § 4323(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 38 U.S.C. § 4323(c)(2) because Defendant maintains a place of business in this District and because a substantial part of the events and omissions giving rise to the claim alleged herein occurred in this District.

## PARTIES

5. Ms. Crianza is a former employee of Defendant.

6. Holbrook Plastic Pipe Supply, Inc. (Holbrook) does business in Holbrook, New York, is located at 790 Grundy Avenue, Holbrook, NY 11741, and employed Ms. Crianza from February 9, 2000, until December 2, 2021.

7. Carolyn Olsen is Holbrook Plastic Pipe Supply, Inc.'s owner. At all times Ms. Olsen had control over Ms. Crianza's employment opportunities which, in turn, makes Ms. Olsen an employer under USERRA and subject to individual liability. *See e.g,, Croft v. Vill. of Newark*, 35 F. Supp. 3d 359, 368 (W.D.N.Y. 2014) ("USERRA's accompanying regulations also state that an employer includes 'any person ... that has control over employment opportunities....'"); 20 C.F.R. § 1002.5(d)(1).

## STATEMENT OF FACTS

8. Ms. Crianza started work at Holbrook in February 2000. Her job duties primarily involved being Holbrook's bookkeeper.

9. During her time at Holbrook, Ms. Crianza worked with a colleague named Christi Lee Jimenez.

10. Ms. Jimenez served in the U.S. Army from May 2, 2017, through May 12, 2020.

11. In or around July 2020, Ms. Crianza became aware Ms. Jimenez was attempting to return to work with Holbrook after her military service.

12. Sometime in July 2020, Ms. Crianza had a conversation with Ms. Olsen near the company's front desk. During that conversation Ms. Jimenez's attempt to return to work at Holbrook was discussed. Ms. Crianza told Ms. Olsen, "legally you've got to give Christie her job back."

13. Present at the above-referenced discussion was Paul Marysko, Ms. Olsen's husband. Mr. Marysko echoed Ms. Crianza's understanding that the law required Ms. Jimenez to be given her job back by saying "yes we've got to give her a job if she's been gone for less than five years."

14. On December 2, 2021, Holbrook and/or Ms. Olsen terminated Ms. Crianza's employment with Holbrook.

15. Holbrook made a profit in 2020.

16. Upon information and belief, Holbrook hired workers in 2020.

17. Upon information and belief, Holbrook did not lay off any workers in 2020 because the company lacked the financial wherewithal to keep those workers employed.

18. During the 2020 timeframe Holbrook received $234,300 in Paycheck Protection Plan (PPP) funds.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

**(USERRA - 38 U.S.C. § 4311 – DISCRIMINATION/WRONGFUL TERMINATION/RETRIBUTION/REPRISAL – ALL DEFENDANTS)**

19. Generally, to enjoy USERRA's reemployment protections, a plaintiff must: (a) be a member of the Armed Forces of the United States; (b) give notice to his employer of the plaintiff's military obligations; (c) serve honorably during the military service period; (d) give timely notification, to the employer, of plaintiff's intent to return to work; and, (e) serve less than five years with the military (absent varied exceptions). 38 U.S.C. § 4312.

20. However, Section 4311 of USERRA has a provision which protects persons who are or were not serving in the military, when that person makes a statement or takes an action to enforce a protection to someone otherwise covered under the statute. 38 U.S.C. § 4311(b)(1-4).

3

21. Ms. Jimenez served in the U.S. Army.

22. Ms. Jimenez gave notice to Defendants of her military service obligation that began on May 2, 2017.

23. Ms. Jimenez served honorably during the above-referenced military service obligation.

24. Ms. Jimenez, in a timely manner, applied for reemployment within 90 days of her military service ending.

25. Upon returning to work Defendants were obligated to reemploy Ms. Jimenez in the following "order of priority":

> **(A)** in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, *or* a position of like seniority, status and pay, the duties of which the person is qualified to perform; *or* **(B)** in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status and pay, the duties of which the person is qualified to perform, only if the person is not qualified to perform the duties of a position referred to in subparagraph (A) after reasonable efforts by the employer to qualify the person. 38 U.S.C. § 4313(a)(2)(A)-(B).

26. Defendants did not reemploy Ms. Jimenez in the position she occupied before going on her military duty.

27. Defendants did not reemploy Ms. Jimenez into a position comparable to her pre-deployment job upon her return from military duty.

28. Defendants did not reemploy Ms. Jimenez into a position that was approximate to her pre-deployment job upon her return from military duty.

29. Defendants' failure to follow USERRA's reemployment statutes and regulations have caused Ms. Jimenez damage in an amount to be proven at trial.

30. Ms. Crianza made a statement to Defendants about their responsibility and obligation under USERRA to reemploy Ms. Jimenez promptly and properly.

31. Because of her statement to Defendants, Ms. Crianza was terminated from her employment.

## SECOND CLAIM FOR RELIEF

**(USERRA - 38 U.S.C. § 4323- LIQUIDATED DAMAGES – ALL DEFENDANTS)**

32. The Defendants absolutely knew that its conduct was prohibited under the provisions of USERRA, and its conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), because (a) Ms. Crianza told Ms. Olsen that it was legally required that Ms. Jimenez be given her job back, (b) Mr. Marysko told Ms. Olsen that it was required that Ms. Jimenez be given her job back, (c) Ms. Jimenez told Ms. Olsen that she was required to give Ms. Jimenez her job back and (d) because Ms. Jimenez sent Ms. Olsen a copy of New York's military leave law (which incorporated USERRA).

33. Further, 38 U.S.C. § 4334, requires employers, like Holbrook, to maintain a poster at the workplace that informs the company's workers of their USERRA rights which, in turn, puts employers like Holbrook on notice of the requirements germane to the re-employment of returning veterans.

34. Additionally, Holbrook's website represents that the company is "WBE/DBE/SBE Certified" meaning that it is a Women/Minority Owned business and thus aware that the law

imposes certain benefits upon certain protected classes, like returning honorably discharged military veterans.

35. To the extent that any contract, agreement, collective bargaining agreement, policy or practice of the Defendants constitutes any limitation on Ms. Crianza's rights under USERRA it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

    a. economic damages in the amount to be proven at trial including back pay, front pay, lost benefits of employment, negative tax consequences of any award;

    b. liquidated damages;

    c. reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323 and as otherwise provided by law;

    d. a declaration that Defendants' termination of Ms. Crianza violated USERRA, 38 U.S.C. §§ 4311;

    e. a declaration that Defendants' violation of USERRA was willful pursuant to, 38 U.S.C. § 4323(d)(1)(C); and,

    f. other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: December 16, 2022

Respectfully submitted,

By: */s/ Michael J. Scimone*

**OUTTEN & GOLDEN LLP**
Michael J. Scimone
685 Third Ave., 25th Floor
New York, NY 10017
Telephone: (212) 245-1000

**PILOT LAW, P.C.**
Brian J. Lawler, *pro hac vice forthcoming*
850 Beech Street, Suite 713
San Diego, CA 92101
Telephone: (619) 255-2398

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those who have appeared in this action.

Dated this December 16, 2022

By: */s/ Michael J. Scimone*

**OUTTEN & GOLDEN LLP**
Michael J. Scimone
685 Third Ave., 25th Floor
New York, NY 10017
Telephone: (212) 245-1000