UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KERILEE CRIANZA,

                Plaintiff,

v.

HOLBROOK PLASTIC PIPE SUPPLY, INC.,
and CAROLYN OLSEN, individually,

                Defendants.

**MEMORANDUM & ORDER**
22-CV-07685 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Kerilee Crianza has sued Defendants Holbrook Plastic Pipe Supply, Inc. ("Holbrook") and Carolyn Olsen (collectively with Holbrook, "Defendants"), for an alleged retaliatory termination in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq.* ECF No. 1 (Complaint). Plaintiff contends that she was improperly terminated in retaliation for advising Defendants that they were obligated under the USERRA to rehire a former colleague at Holbrook, Christi Lee Jimenez, who had served in the U.S. Army. Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 17 (Defendants' Motion to Dismiss). For the reasons set forth herein, the motion is granted and the Complaint is dismissed.[1] The Court denies Plaintiff's request, made in her opposition brief, for leave to amend her Complaint.

---

[1] In addition to the USERRA retaliation claim, the Complaint sets forth a standalone claim for liquidated damages under the USERRA pursuant to 38 U.S.C. § 4323. Plaintiff, while not waiving her claim that she is entitled to liquidated damages, has agreed voluntarily to dismiss the standalone claim seeking those damages. ECF No. 18 at 8 (Plaintiff's Opposition).

## FACTUAL BACKGROUND[2]

Kerilee Crianza was employed as a bookkeeper at Holbrook from February 2000 until December 2, 2021, the date of her termination. ECF No. 1 ¶¶ 8, 14. While employed at Holbrook, Ms. Jimenez was one of Plaintiff's colleagues. *Id.* ¶ 9. Ms. Jimenez left Holbrook in May 2017, when she joined the U.S. Army. *Id.* ¶ 10. After completing her military service in May 2020, Ms. Jimenez attempted to return to Holbrook. *Id.* ¶ 11. In or around July 2020, after becoming aware that Ms. Jimenez was attempting to return to Holbrook, Plaintiff had a conversation with Defendant Olsen about Ms. Jimenez's potential reemployment by Holbrook. *Id.* ¶¶ 11–12. According to the Complaint, Plaintiff told Olsen that Holbrook was legally obligated to rehire Ms. Jimenez, *id.* ¶ 12, but Holbrook failed to do so, *id.* ¶¶ 26–28. Thereafter, on December 2, 2021, Plaintiff was terminated by Holbrook. *Id.* ¶ 14. Plaintiff alleges that the reason she was terminated was "[b]ecause of her statement to Defendants" about their obligations under the USERRA to rehire Ms. Jimenez. *Id.* ¶¶ 30–31. The Complaint is silent about what transpired between July 2020, when Plaintiff allegedly raised the issue of Ms. Jimenez's employment with Defendants, through the date of her termination approximately 18 months later in December 2021.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] "A claim is plausible 'when the

---

[2] The factual background is derived from the allegations in the Complaint, which the Court accepts as true when considering a motion to dismiss. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 n.2 (2d Cir. 2021).

[3] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Plaintiff Has Failed to Plead Sufficiently That She Was Retaliated Against in Violation of the USERRA

"An employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has taken an action to enforce a protection afforded any person under [the USERRA]." 38 U.S.C. § 4311(b)(1). "An employer shall be considered to have engaged in actions prohibited . . . if the person's . . . action . . . is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's enforcement action, testimony, statement, assistance, participation, or exercise of a right." *Id.* § 4311(c)(2). In other words, the "USERRA further prohibits an employer from taking an adverse employment action against any person in retaliation for enforcing his USERRA rights." *O'Connell v. Town of Bedford,* No. 21-cv-170, 2022 WL 4134466, at *13 (S.D.N.Y. Sept. 12, 2022).

"To make out a prima facie case of retaliation under [the] USERRA, a plaintiff must show that (1) [s]he was engaged in protected activity; (2) that the employer was aware of that activity; (3) that the plaintiff suffered an adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action." *Lapaix v. City of New York*, No. 13-cv-07306, 2014 WL 3950905, at *6 (S.D.N.Y. Aug. 12, 2014). "A plaintiff may demonstrate a causal connection under the fourth element (a) indirectly by showing that the

3

protected activity was followed closely by discriminatory treatment; (b) indirectly th[r]ough other evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (c) directly through evidence of retaliatory animus." *O'Connell*, 2022 WL 4134466, at *13.

For purposes of this motion, Defendants appear to concede that the Complaint sufficiently pleads the first three elements set forth above in *Lapaix*. ECF No. 17 at 6. Defendants do dispute, however, the sufficiency of Plaintiff's allegations with respect to the fourth element regarding whether there was a causal connection between the protected activity and the subsequent termination. Defendants correctly point out that the Complaint alleges only two facts that attempt to support this element: "that a July 2020 conversation allegedly took place [between Plaintiff and Defendants], and that Plaintiff was terminated from her employment in December 2021 – eighteen months later." *Id.* (citing ECF No. 1 ¶¶ 12–14). Plaintiff concedes as much in her opposition, stating that "Plaintiff was engaged in a protected activity when she informed Defendants that legally they were required to reemploy Ms. Jimenez. Defendants were aware of that activity because the statement was made directly to them. Plaintiff suffered an adverse employment action when she was terminated. Plaintiff has alleged that there was a causal connection between the comment made to Defendants and her termination." ECF No. 18 at 4. In wholly conclusory fashion, Plaintiff goes on to argue that "[t]aking Plaintiff's claims and allegations as true and drawing all reasonable inferences in Plaintiff's favor, it is entirely reasonable that [Plaintiff's] termination was in retaliation for her statement to Defendants regarding their duty to reemploy Ms. Jimenez." *Id.* at 5.

The Court disagrees. These two loosely connected events, separated by almost 18 months, do not come close to providing sufficient support for the Court plausibly to infer "that the protected activity was *followed closely* by discriminatory treatment." *O'Connell*, 2022 WL

4

4134466, at *13 (emphasis added). The Court here concludes, as did the district court in *Hunt v. Klein*, that the Complaint is "deficient with respect to discriminatory motivation," and "lacks any factual allegations – even on information and belief – indicating that Plaintiff's protected conduct was the motivating factor for [her] subsequent [termination]. The temporal proximity, contrary to Plaintiff's assertion, was not very close . . . ." No. 10-cv-2778, 2011 WL 651876, at *5 (S.D.N.Y. Feb. 10, 2011), *aff'd*, 476 F. App'x. 889 (2d Cir. 2012) (finding no temporal proximity when six months had elapsed between a plaintiff's protected conduct and his termination).

The Court is not aware of, and Plaintiff does not point to, any case in the Second Circuit finding that a temporal gap as large as the one here – 18 months – between the alleged protected activity and the adverse employment action can support a finding of temporal proximity. The Second Circuit "has not identified an outer limit beyond which a temporal relationship is too attenuated to support a finding of causality," *Kim v. Columbia Univ.*, 460 F. App'x 23, 25 (2d Cir. 2012), but "most courts in the Second Circuit have held that a lapse of time beyond two or three months will break the causal inference," *De Figueroa v. New York*, 403 F. Supp. 3d 133, 157 (E.D.N.Y. 2019); *see also Ragin v. East Ramapo Cent. Sch. Dist.*, No. 05-cv-6496, 2010 WL 1326779, at *24 (S.D.N.Y. Mar. 31, 2010), *aff'd*, 417 F. App'x 81 (2d Cir. 2011) (collecting cases); *cf. Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("[T]he temporal proximity must be very close."). While in rare cases "an inference of retaliatory intent has been found in cases involving a gap of as long as eight months," *Ragin*, 2010 WL 1326779, at *24, there are no allegations in the Complaint that warrant "vary[ing] from the general rule" that a gap of several months between the protected activity and the adverse action defeats the causation

5

inference, *id*. And, as discussed below, Plaintiff has not alleged facts other than temporal proximity that support an inference that the termination of her employment was retaliatory.

Plaintiff attempts to cure this deficiency by arguing that she "has also shown disparate treatment of fellow employees, specifically Ms. Jimenez." ECF No. 18 at 4. According to Plaintiff, "even if the Court determines she has not shown retaliatory animus, she has established a causal connection under the second [*O'Connell*] prong." *Id*. This prong provides that a causal connection can be established "indirectly th[r]ough other evidence such as disparate treatment of fellow employees who engaged in similar conduct." *O'Connell*, 2022 WL 4134466, at *13. While Plaintiff does set forth in the Complaint that Ms. Jimenez was not reemployed by Defendant Holbrook, *see* ECF No. 1 ¶¶ 26–28, nowhere does the Complaint allege that any other employee was treated disparately because of raising concerns about the company's treatment of Ms. Jimenez based on her military veteran status. Alleging that Ms. Jimenez was treated in a manner violative of the USERRA by not being reemployed is not the same as alleging that another Holbrook employee raised similar concerns about Ms. Jimenez's status, as Plaintiff allegedly did, and suffered an adverse employment action because of voicing those concerns.

Plaintiff raises for the first time in her Opposition that retaliatory animus can also be established by considering the timing of a lawsuit commenced by Ms. Jimenez against Defendants in May 2021.[4] *See* ECF No. 18 at 5. Based on this new allegation, Plaintiff argues that "[a] reasonable inference . . . can be drawn . . . that the impending litigation in *Jimenez* and [Plaintiff's] potential involvement as a direct witness was a substantial factor in Defendants' decision to terminate [Plaintiff]." *Id*. As an initial matter, Plaintiff is not permitted to amend her

---

[4]  *See Jimenez v. Holbrook Plastic Pipe Supply, Inc., et al.*, 21-cv-2472 (JS) (AYS) (E.D.N.Y.).

6

Complaint through facts provided for the first time in an opposition to a motion to dismiss, and these new allegations regarding the *Jimenez* lawsuit are an improper means of demonstrating that Defendants acted against Plaintiff with retaliatory animus. *See JBrick, LLC v. Chazak Kinder, Inc.*, No. 21-cv-2883, 2022 WL 17177854, at *4 n.3 (E.D.N.Y. Nov. 23, 2022) ("[I]t is well-settled that a plaintiff cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss."); *Palm Beach Mar. Museum, Inc. v. Hapoalim Secs. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (affirming dismissal "because a complaint may not be amended by advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint").

Notwithstanding this procedural bar, even if the Court were to consider these new allegations, Plaintiff still fails plausibly to allege retaliatory animus. The *Jimenez* complaint was initially filed on May 4, 2021, naming only Holbrook as a defendant. *See Jimenez*, ECF No. 1 (*Jimenez* Complaint).[5] An attorney entered an appearance on behalf of Holbrook on May 28, 2021. *Jimenez*, ECF No. 10 (Notice of Appearance). So, at a minimum, six months elapsed between when Holbrook first became aware of the *Jimenez* lawsuit and December 2, 2021, the date Plaintiff was terminated by Holbrook. As discussed above, an attempt to manufacture a temporal relationship where there is a six-month gap between the animating event and the retaliatory conduct is too attenuated to support a finding of causality because "most courts in the

---

[5] In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court is "permitted to consider matters of which judicial notice may be taken." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021). And, taking judicial notice of dockets from other courts' proceedings, including when deciding whether to dismiss a complaint, is appropriate because they are public records. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

Second Circuit have held that a lapse of time beyond two or three months will break the causal inference." *De Figueroa*, 403 F. Supp. at 157.

## II. The Court Declines to Grant Plaintiff Leave to Amend

On the last page of Plaintiff's brief, she states, "[i]f the Court grants Defendants' motion to dismiss, Plaintiff requests leave to amend her complaint to incorporate new factual allegations that support her retaliation claim and Defendants' willfulness in violating USERRA." ECF No. 18 at 10. Although the Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)," the Court declines to grant Plaintiff leave to amend. *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (affirming denial of leave to amend). "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (affirming denial of leave to amend).

Defendants filed a pre-motion letter that previewed for Plaintiff the grounds on which they intended to move to dismiss her complaint. ECF No. 15 (Defendants' Pre-Motion Letter). Plaintiff filed a letter in response and noted that if the Court granted the motion to dismiss "Plaintiff will respectfully request leave to amend her Complaint in accordance with the liberal standard of Rule 15(a)(2)." ECF No. 16 at 3 (Plaintiff's Pre-Motion Letter). Thereafter, the Court issued an Order setting forth the briefing schedule for the motion to dismiss. In that Order, the Court noted that Plaintiff had indicated in response to Defendants' pre-motion letter "that she is open to amending the complaint to cure the alleged legal deficiencies raised in Defendants' letter." ECF

Text Order, April 5, 2023. The Court further noted that "[t]his action is in its nascent stages and Federal Rule of Civil Procedure 15 instructs courts to 'freely give leave when justice so requires.' The Court grants Plaintiff leave to file an amended complaint by April 19, 2023, if she is still inclined to do so." *Id*. Plaintiff did not file an amended complaint in response to the Court's order and does not explain in her opposition brief why she failed to do so.

The fact that Plaintiff's opposition brief provides no explanation about how she intends to amend her Complaint is sufficient reason by itself to deny leave to amend. *See Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018) (affirming denial of leave to amend where "plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss" and "included no proposed amendments"); *Harris v. Mondelez Glob. LLC*, No. 19-cv-2249, 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020) (denying leave to amend because plaintiff "offer[ed] no explanation of what new allegations might be added"). This conclusion is reinforced by the fact that Plaintiff has not attempted to explain what information she has learned since the pre-motion letters were filed that she would include in a potential amendment. *See Hawkins v. Coca-Cola Co.*, No. 21-cv-8788, 2023 WL 1821944, at *10 (S.D.N.Y. Feb. 7, 2023) (denying leave to amend where Plaintiff amended the complaint once after a pre-motion conference and "ha[d] failed to otherwise suggest that she is in possession of facts that would cure the deficiencies that [d]efendants highlighted in the instant motion and that the [c]ourt highlighted in this [o]pinion").

In any event, even if the Court were to assume that the proposed amendment would add allegations regarding the *Jimenez* lawsuit, leave to amend would be futile because, even if

9

Plaintiff could allege new facts about that action, for the reasons noted above those allegations would not be enough to survive a motion to dismiss.[6]

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss, *see* ECF No. 17, and DENIES Plaintiff's request for leave to amend her complaint, *see* ECF No. 18. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and to close this case.

SO ORDERED.

       */s/ Hector Gonzalez*           .
       HECTOR GONZALEZ
       United States District Judge

Dated:  Brooklyn, New York
          January 19, 2024

---

[6] Notably, one of the attorneys representing Plaintiff in this action is also listed as one of the attorneys representing the plaintiff in the *Jimenez* action. Therefore, there would be no basis for Plaintiff to argue that she was not aware of the *Jimenez* action when she was given the opportunity to amend her complaint here in April 2023.